[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves the dissolution of the parties marriage. The matter was tried to the Court as a contested matter limited to financial issues arising from the dissolution of the marriage. The Defendant's mother intervened through defense counsel to address a claimed interest in the marital home.
The Plaintiff and Defendant married at Cheshire, Connecticut on June 20, 1980. This union represented a second marriage for each of them. Issue of the marriage was a daughter Shana B. Horowitz, born December 21, 1981. Plaintiff and Defendant remain Connecticut residents, and have both resided in state since the date of the marriage. The marriage has broken down irretrievably, and is without hope of reconciliation.
The marriage is ordered dissolved.
The Plaintiff is 41 years of age. She has a high school education and employment history as a secretary and real estate broker. The Defendant is 51 years of age with a college education with an employment history of work as a business executive and stockbroker. The Plaintiff by agreement of her husband maintained the marital home and attended to their daughter. Plaintiff as the child grew older was encouraged to seek employment. She studied real estate and travel agent courses and in 1989 or 1990 found employment with a real estate agency. Plaintiff's commission income in this capacity was $15,000 in 1991 and $7,700 in 1992. CT Page 11083 She made no sales and has received no commissions for 1993 and 1994. In approximately April 1994 the Plaintiff assumed a secretarial position at the real estate agency, and receives a gross salary of $180.00 per week. She essentially works part-time at her secretarial and real estate sales positions.
Defendant's annual income as a stockbroker has declined from a 1991 maximum of $115,000, to $105,000 in 1992, $104,000 in 1993 and is currently approximately $82,000. The Defendant attributes this pattern to market conditions and unfavorable publicity attributed to his employer.
The Defendant has two children from his prior marriage for whom he contributes college expenses.
The Plaintiff and Defendant both enjoy good health.
The Court does not attribute to either party a fault for the break up of the marital relationship; that should effect financial orders.
The Defendant contributed approximately $30,000 for the purchase of a condominium at the time of the marriage. The property was jointly owned and sold in 1986. The equity from the sale of $40,000 was used to construct a new home, which became the marital residence at 7 Brookfield Court, Cheshire.
The Defendant's mother, the Intervenor Helen Kravette; paid over $60,000 to the Defendant in 1986. The understanding between the Plaintiff, Defendant and Mrs. Kravette was that the $60,000 would be used to construct an in-law apartment, attached to the marital home. This apartment was intended to and continues to serve as Mrs. Kravette's only home.
Mrs. Kravette's intervention is for the sole purpose of protecting her claimed interest on the home in the amount of $60,000. Mrs. Kravette paid several thousand dollars for improvement to the parties' residence, and in the 1980's contributed to utility costs. Mrs. Kravette is the 77 year old mother of the Defendant. She is retired with a small income and $20,000 of other assets.
A major issue in the trial is the determination of equity interest in the marital home. The fair market value of the home is $250,000 and it is encumbered by a $90,000 mortgage. The Plaintiff CT Page 11084 seeks a payout from the Defendant of one half of the $160,000 total equity in the property. The Defendant and Intervenor seek a recognition of a trust in the amount of Mrs. Kravette's $60,000 contribution.
The Court finds that under, both the theory of constructive trust and/or resulting trust, equity commands the protection of Mrs. Kravette's interest in the property. See Cohen v. Cohen,182 Conn. 193 (1980) at 202-203. Any other result would be unconscionably under these circumstances.
The trust interest of Mrs. Kravette reduces the Plaintiff's equity in the property to $50,000. The Plaintiff is to quit claim her interest in the marital home to the Defendant, in exchange for a payment of $50,000. This exchange shall be accomplished within 30 days of this Judgment.
The parties agree and the Court orders joint custody of the minor child with the Plaintiff-Mother. The Defendant is to have reasonable and liberal visitation. The Defendant is to pay to the Plaintiff, child support in the amount of $227.00 per week, a figure which is as recommended by the Child Support Guidelines. The Defendant shall be entitled to claim his daughter as a dependent for income tax purposes.
The Defendant is ordered to transfer by Qualified Domestic Relations Order [QDRO], an interest in one half of his 401K Plan calculated at the date of this dissolution.
The Defendant is ordered to maintain for the benefit of the minor child comprehensive health insurance for so long as he has a support obligation for the child. Unreimbursed medical and dental expenses are to be shared equally by the parties.
The Defendant shall maintain $100,000 in life insurance for the benefit of the minor child, for so long as he is obligated to pay support for such child.
A disputed issue in the case concerned $196,000 the Defendant controlled in stocks and bonds. This sum represents the remaining balance of an inheritance received by Defendant in approximately 1991.
The stocks and bonds account representing a relatively recent inheritance is not a marital asset in the same way that the equity CT Page 11085 in the home and 401K Plan are, § 46b-81(c). It is not to be equally shared. The Plaintiff is however entitled to a further property distribution and the Defendant is ordered to pay to the Plaintiff the sum of $40,000, on or before December 15, 1994. The Defendant may withhold from such payment $7,807.22 for which he is entitled to a credit by prior agreement. Defendant is further entitled to a credit for any mortgage or property insurance payments made from the date of this Judgment until the date the Plaintiff leaves the marital home. Plaintiff is to vacate the marital home no later than December 31, 1994.
The Court will retain jurisdiction to resolve any dispute over personal property in the marital home and to execute the QDRO.
The Plaintiff is further awarded alimony in the amount of $250.00 per week until June 20, 1998; the date the minor child reaches the age of 18. It is anticipated that the Plaintiff will assume fulltime employment and an increase in either party's gross employment income by not more than $400.00 a week will not justify a modification of such order of alimony.
The Defendant is ordered to cooperate and make available through COBRA law medical insurance for Plaintiff, at Plaintiff's cost. The Plaintiff has sufficient liquid assets to pay her counsel fees and her request for an order that fees be paid by Defendant is denied.
Robert F. McWeeny, Judge